UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY G. HARRIS, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 19-4235 |
| | ) | |
| C. BRANNON, et. al., | ) | |
|    Defendants | ) | |

CASE MANAGEMENT AND MERIT REVIEW ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to file a second amended complaint [11] and Defendants' motion for an extension of time to file an answer. [14].

I. BACKGROUND

On February 3, 2020, the Court conducted a merit review of Plaintiff's first amended complaint and found he had articulated two claims against Defendants at East Moline Correctional Center.[1] *See* February 3, 2020 Merit Review Order. First, Plaintiff alleged Defendants Lieutenant Brian Burke, Officer Nate McBride, Officer Michael Tyus, Assistant Warden Robert Hamilton, Officer Anastasia Wierema, and Officer Mark Tapia retaliated against Plaintiff for his complaints, grievances, or attempted social medical posts. Second, Plaintiff stated Defendants Wierema, Tapia, and Christine Brannon violated Plaintiff's due process rights during a September 20, 2019 hearing concerning a disciplinary ticket.

---

[1] Shortly after Plaintiff filed his original complaint, he filed a motion for leave to amend his complaint which was granted by the Court. [1, 5]; *see* February 3, 2020 Merit Review Order. Therefore, the Merit Review Order considered the claims in the First Amended Complaint.

1

Nonetheless, the Court also noted it was difficult to decipher Plaintiff's complaint since he included several pages of facts; 50 pages of exhibits; and each constitutional allegation included several, vague and sweeping statements which confused the basis for his claim.

In an effort to clarify the claims for Plaintiff and Defendants, the Court specifically limited Plaintiff's retaliation claim to five specific acts. *See* February 3, 2020 Merit Review Order, p. 3-4,6.

> 1. The Internal Affairs (IA) Defendants Burke, McBride, and Tyus refused to investigate the August 28, 2019 theft of Plaintiff's property.
>
> 2. Defendant IA Investigator McBride confiscated Plaintiff's mail and threatened him with disciplinary action if Plaintiff continued to complain about EMCC living conditions. Specifically, Plaintiff mentioned a letter he attempted to mail on August 28, 2019.
>
> 3. On September 3, 2019, Defendant Assistant Warden Hamilton fired Plaintiff from his maintenance job.
>
> 4. On September 7, 2019, Defendant McBride wrote a retaliatory disciplinary ticket against the Plaintiff. Plaintiff was found guilty and received a seven-day commissary restriction.
>
> 5. Defendant McBride wrote a second, retaliatory disciplinary ticket on September 20, 2019. Plaintiff was accused of soliciting inmates to assault an officer in return for payment. Defendants found Plaintiff guilty and the Warden approved six months in segregation, a revocation of three months good time credits, and a disciplinary transfer. However, the ticket was later expunged due to an inaccuracy in the report.

The Court found Plaintiff had not adequately stated any other retaliatory acts. In addition, the Court dismissed Plaintiff's claims alleging inhumane conditions of confinement because Plaintiff failed to indicate which Defendants were responsible for

his placement, and the claim did not appear to be related to Plaintiff's retaliation claim. *See* February 3, 2020 Merit Review Order, p. 6.

The Court advised Plaintiff if he chose to file a Second Amended complaint to clarify any claims, he must: 1) include all claims against all Defendants, 2) not refer to any previous complaint; 3) state each claim only once in the body of his complaint, 4) clearly state how each Defendant was involved in each claim, and 5) not attach any exhibits. *See* February 3, 2020 Merit Review Order, p. 8.

## II. MERIT REVIEW

Plaintiff's motion for leave to file a second amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [11]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says he is filing a motion for leave to amend in order to add claims against two Defendants who were dismissed: Illinois Department of Corrections (IDOC) Director Jeffreys and Transfer Coordinator Doug Stevens. (Plain. Mot, [11], p. 1).

Plaintiff's second amended complaint includes a list of facts followed by three alleged claims.  Again, the Plaintiff's claims include vague and sweeping statements, at times referring to different constitutional violations, making it difficult to interpret his allegations.

3

Nonetheless, it appears Plaintiff has restated his retaliation claim against Defendants Burke, McBride, Tyus, Hamilton, Wierema, and Tapia based on the same five specific retaliatory acts outlined in the previous merit review order. *See* March 3, 2020 Merit Review Order.  The Plaintiff has not indicated any change to these previously identified allegations and there are none apparent in the second amended complaint.

However, Plaintiff is again asking the Court to allow him to proceed with his claim alleging Defendants Jeffreys and Stevens retaliated when they allowed the disciplinary transfer and segregation to remain in effect even after the disciplinary ticket was expunged.  (Amd Comp., p. 9).  The ARB expunged the discipline on November 7, 2019, but Plaintiff was already transferred to Pinckneyville Correctional Center and continued to serve time in segregation.

The Court previously held since Plaintiff signed his initial complaint on November 20, 2019 and it was filed with the Court on November 22, 2019, Plaintiff could not have fully exhausted his administrative remedies for any claim involving the discipline served after November 7, 2019. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).  While the Court found Plaintiff's failure to exhaust was clear from the face of his complaint, Plaintiff was advised if he had completed the grievance process he should file a motion to reconsider and provide the date he received the ARB response to his grievance. *See* February 3, 2020 Merit Review Order, p. 5, FN 2.

Plaintiff has wholly ignored the Court's order. However, it is possible Plaintiff may be able to demonstrate the new Defendants' retaliatory act was part of a continuing violation and therefore it was not necessary to file an additional grievance. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)(7th Cir. 2013)("prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing."). Since this issue is better addressed in a motion for summary judgment, the Court will add one additional retaliatory act alleging Defendants Jeffreys and Stevens retaliated when they allowed the disciplinary transfer and segregation to remain in effect even after the disciplinary ticket was expunged. Therefore, the Court will also add the two additional Defendants.

Plaintiff's second amended complaint also repeats his claim alleging Defendants Wierema, Tapia, and Brannon violated Plaintiff's due process rights during the disciplinary hearing on the September 20, 2019. Plaintiff again attempts to add other Defendants, but the Plaintiff's claim is limited to the Defendants Wierema, Tapia, and Brannon since they were the only individuals directly involved in the Adjustment Committee hearing and discipline imposed.

Finally, Plaintiff has again alleged an Eighth Amendment violation based on the condition of his cells in segregation. However, Plaintiff has ignored the Court's previous ordered which dismissed this claim because he failed to identify any Defendant who was responsible for placement in the specific cell or knew about the conditions and failed to take any action when notified. *See* February 3, 2020 Merit Review Order, p. 6.

5

CONCLUSION

Based on the review of the second amended complaint, the Court will add one additional claim alleging Defendants Jeffreys and Stevens retaliated when they allowed the disciplinary transfer and segregation to remain in effect even after the disciplinary ticket was expunged.  In all other ways, Plaintiff's claims will remain as previously stated in the February 3, 2020 Merit Review Order.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the second amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Lieutenant Burke, Officer McBride, Officer Tyus, Assistant Warden Hamilton, Officer Wierema, Officer Tapia, IDOC Director Jeffreys, and Transfer Coordinator Stevens retaliated against Plaintiff for his complaints, grievances, or attempted social medical posts. This claim is limited to the six specific retaliatory acts outlined in this order and the February 3, 2020 Merit Review Order.  Second, Defendants Wierema, Tapia, and Brannon violated Plaintiff's due process rights during the hearing on the September 20, 2019 disciplinary ticket.  The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)  The Court will attempt service on the two new Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel

within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) The two new Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Counsel for Defendants is again granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

7) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) Defendants' motion for additional time to file an answer is granted. [14]. Defendants must file an answer within 21 days of this order for all served Defendants.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint. [11]. 2) Add Defendants Jeffreys and Doug Stevens to this case. 3) Attempt service on Defendants Jeffreys and Stevens pursuant to the standard procedures; 4) Grant Defendants' motion for additional time to file an answer as noted in this order. [14]; and 5) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service of the two new Defendants.**

ENTERED this 20th day of April, 2020.

                                          s/James E. Shadid
                     _____
                                      JAMES E. SHADID
                          UNITED STATES DISTRICT JUDGE